IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO A. RODRIGUEZ MENDEZ
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 16-2683CCC
Related Criminal 05-0340(CCC)

**OPINION AND ORDER**

Before the Court are (a) Petitioner's 28 U.S.C. § 2255 Habeas Corpus Petition with Memorandum of Law in Support (d.e. 1),[1] (b) Petitioner's Supplemental Motion in Support of Petitioner's Motion to Vacate (d.e. 8), (c) the Government's Response (d.e. 9), and (d) Petitioner's Second Supplemental Motion in Support of Petitioner's Motion to Vacate (d.e. 11).[2] After careful consideration of the documents filed, the Court DISMISSES, WITH PREJUDICE, Petitioner's first allegation and ORDERS the parties to specifically comply, WITHIN THIRTY (30) DAYS, with the Court's instruction herein as to Petitioner's Johnson claim.

**I. BACKGROUND**

On November 16, 2004, Petitioner Julio A. Rodríguez Méndez (hereinafter "Petitioner" or "Rodríguez Méndez") was indicted in a two (2) count Indictment for violations to Title 18, United States Code, § 2119(1) (2); and

---

[1] d.e. stands for docket entry.

[2] The Government never filed a Reply to this last motion.

Title 18, United States Code, § 924(c)(1)(A)(ii) and (2); and Title 18, United States Code, § 924(e).  (d.e. 1 in Criminal No. 05-340).

At the time of Rodríguez Méndez' federal indictment he was imprisoned at the Puerto Rico local jail in Mayagüez (d.e. 5 in Criminal No. 05-340).

On January 17, 2006, Petitioner, through his counsel, filed a Motion for Continuance of Trial (d.e. 19 in Criminal No. 05-340).  In said motion counsel for Rodríguez Méndez informed that "the parties were in plea negotiations and **were evaluating the effect of defendant's prior conviction for the same course of conduct at the state level**, and the consecutiveness or concurrence of the offense and resulting sentences."  (d.e. 19 in Criminal No. 05-340 at p. 1) (emphasis added).

On March 17, 2006, Petitioner, through his counsel, filed a second Motion for Continuance of Trial (d.e. 22 in Criminal No. 05-340).  In said motion counsel for Rodríguez Méndez stated "**On March 23, 2005, Mr. Rodriguez pled guilty to the same course of conduct in the Puerto Rico Superior Court.**  Counsel is in plea negotiations with the Government to dispose of the federal case, and both parties are in agreement that it's highly unlikely that this case will result in trial.  However, the parties are still evaluating the effect of defendant's prior conviction for the same course of conduct at the state level, and the consecutiveness or concurrence of the offences and resulting sentences."  (d.e. 22 at p. 1 in Criminal No. 05-340) (emphasis added).

On May 11, 2006, Rodríguez Méndez' change of plea hearing was held. (d.e. 31 in Criminal No. 05-340).  Petitioner's guilty plea as to count three of the indictment was accepted by the Court.  On the same day the parties filed a

signed Plea Agreement.  (d.e. 32 in Criminal No. 05-340).  The Plea Agreement established that Rodríguez Méndez agreed to plead guilty to count three (3) of the indictment.  Count Three (3) charges:  On or about November 16, 2004, in the District of Puerto Rico and within the jurisdiction of this Court Julio A. Rodríguez Méndez, the defendant herein, having been convicted in Court of a crime punishable by imprisonment for a term exceeding one year, that is, a conviction for robbery in Puerto Rico, did knowingly and unlawfully possess a firearm, to wit:  a loaded Rossi.357 caliber revolver Serial #F089381, with a flash suppressor attached to its barrel; which had been shipped or transported in interstate or foreign commerce to the District of Puerto Rico.  All in violation of Title 18, <u>United States Code</u>, §§ 922(g) and 924(a)(2). (d.e. 32 at p. 2 in Criminal No. 05-340).

The Plea Agreement further stated:  "Further, Defendant committed this violation having been convicted of at least three (3) violent felonies, that is, he was convicted and sentenced to imprisonment on December 28, 1994 for:  an armed robbery which occurred on October 20, 1993 in Hormigueros for eighteen (18) years, an armed robbery which occurred on October 25, 1993 in Mayagüez for eighteen (18) years; an armed robbery which occurred on November 2, 1993 in San Germán for eighteen (18) years; and, for an aggravated burglary which occurred on October 6, 1993, in Mayagüez for eighteen (18) years, all in violation of Title 18, <u>United States Code</u>, Section 924(e)."  (d.e. 32 at p. 2 in Criminal No. 05-340).

The Court further notes that the duly signed Statement of Facts which accompanies the filed Plea Agreement provides the following agreed-to facts

CIVIL 16-2683CCC 4
Related Criminal 05-0340(CCC)

which lead to Rodríguez Méndez' guilty plea. "On November 16, 2004 Defendant in connection with a carjacking[3] possessed a loaded .357 caliber revolver Serial #F089381, with a flash suppressor attached to its barrel, which had been shipped or transported in interstate or foreign commerce to Puerto Rico, after being convicted and sentenced for at least three (3) previous convictions by any Court for violent felonies, committed on occasions different from one another, that is, he was convicted and sentenced to imprisonment on December 28, 1994 for: an armed robbery which occurred on October 20, 1993 in Hormigueros for eighteen (18) years; an armed robbery which occurred on October 25, 1993 in Mayagüez for eighteen (18) years; an armed robbery which occurred on November 2, 1993 San Germán for eighteen (18) years; and, for aggravated burglary which occurred on October 6, 1993 in Mayagüez for eighteen (18) years." (d.e. 32 at p. 10 in Criminal No. 05-340).

On October 6, 2006, Rodríguez Méndez, through his counsel, filed a Motion Submitting Objections to the PSI (d.e. 47 in Criminal No. 05-340). Counsel for Petitioner specifically objected to the Armed Career Criminal enhancement of Sentencing Guideline Section 4B1.4. Id.

On October 30, 2006, the Court entered an Order ordering the government to respond to Rodríguez Méndez' objections to the PSI by November 10, 2006. (d.e. 48 in Criminal No. 05-340). The record reflects that the government never complied with the Court's Order.

---

[3] The phrase in connection with a carjacking is added in manuscript to the typed wording and next to it are three (3) sets of initials, one is he prosecutor's, the second is the Petitioner's and the last is defense counsel Juan Matos de Juan's (d.e. 31 at p. 10 in Criminal No. 05-340).

On October 30, 2006, Rodríguez Méndez' sentencing hearing was held. Petitioner was sentenced to a term of imprisonment of two hundred and sixteen (216) months as to count three (3) of the indictment;[4] the remaining counts were dismissed. (d.e. 52 in Criminal No. 05-340). Judgment was entered on December 7, 2006. (d.e. 54 in Criminal No. 05-340).

On December 1, 2006, Rodríguez Méndez filed a timely Notice of Appeal (d.e. 53 in Criminal No. 05-340). On October 27, 2008, the First Circuit Court of Appeals issued its Mandate: "Upon consideration of appellant's unopposed motion, it is hereby ordered that this appeal be voluntarily dismissed pursuant to Fed. R. App. P. 42(b)." (d.e. 65 in Criminal No. 05-340).

On September 20, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28, United States Code, § 2255 (d.e. 1).

## II.    DISCUSSION

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), went into effect on April 24, 1996. AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief. Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date. Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

If a defendant does not file a petition for writ of certiorari with the United States Supreme Court after direct appeal, the judgment of conviction is final when the time for filing a certiorari petition expires. Derman v. United States,

---

[4] Rodríguez Méndez was sentenced as an armed career criminal.

CIVIL 16-2683CCC           6
Related Criminal 05-0340(CCC)

298 F.3d 34 (1st Cir. 2002). Pursuant to the Rules of the Supreme Court, Rule 13.1, a petition for writ of certiorari is timely when it is filed within ninety (90) days following the entry of judgment.

In the case at hand, taking the date Petitioner's sentence became final which was when the ninety (90) days to file a writ of certiorari expired, January 25, 2009, reviewing the tolling of the applicable statute, Petitioner had until January 25, 2010, to timely file his 2255 Petition.

Rodríguez Méndez did not sign his petition until September 6, 2016, which is seven (7) and a half years after the one-year statute of limitations had expired. Hence the same is time barred.

However, Petitioner through his filings has raised two arguments that were not available to him during the one (1) year period of statute of limitations. Arguments which have cause changes within statute that was used to convict Rodríguez Méndez, and which could very well affect his term of imprisonment as imposed. Therefore, out an abundance of caution the Court has reviewed the matter before it.

**B.**     **Puerto Rico v. Sanchez Valle, 136 S.Ct. 1863, 195 L.Ed. 2d 179 (2016)**

The first argument raised by Rodríguez Méndez is a direct result of the Supreme Court's decision in Sanchez Valle. In Sanchez Valle, the Supreme Court, under the guidance of Justice Kagan, acknowledged the unique position of the Commonwealth of Puerto Rico. "The Supreme Court took pains to acknowledge the 'distinctive, indeed exceptional, status as a self-governing Commonwealth' that Puerto Rico occupies today, . . . the issue presented in

that case-whether Puerto Rico and the United States are different sovereigns for purposes of the dual-sovereignty doctrine-compelled the Court to look . . . to the distant past to ascertain 'the ultimate source' of Puerto Rico's prosecutorial power." United States v. Maldonado-Burgos, 844 F.3d 339, at pp. 344-345 (1st Cir. 2016); quoting Sanchez Valle, 136 S.Ct. at 1874.

The Supreme Court held that for purposes of the Double Jeopardy Clause, the Puerto Rico and United States governments constitute a single sovereign, in as much as the former's power to prosecute derives from the latter. Thus, the Commonwealth's prosecution, conviction, and sentence of an individual bars his subsequent prosecution by federal authorities for the same conduct under equivalent criminal law. See United States v. Colon, No. 15-396, 2016 WL 573727, at 1* (D.P.R. Oct. 4, 2016).

In Sanchez Valle the Court posed and answered the crux of the matter question: "Do the prosecutorial powers belonging to Puerto Rico and the Federal Government derive from wholly independent sources?" Sanchez Valle at 1874-1875. The Supreme Court determined that "Puerto Rico cannot benefit from our dual-sovereignty doctrine." Id. at 1875. "The ultimate source of prosecutorial power remains the U.S. Congress . . ." Id.

"The ultimate source of Puerto Rico's prosecutorial power is the Federal Government-because when we trace that authority all the way back, we arrive at the doorstep of the U.S. Capitol-the Commonwealth and the United States are not separate sovereigns." Id. at 176. Therefore, two governments cannot "twice put" an individual "in jeopardy" for the "same offence." Id. at 1877.

This leads to the precise question in the matter at hand: Was Petitioner Rodríguez Méndez twice convicted for the same crime? If the answer is yes, then his conviction and sentence must be overturned. How the Court arrives at the answer is not a simple task. The First Circuit Court as recently as April 1, 2019 in <u>Santana-Rios v. United States</u>, No. 17-1199 (April 1, 2019), stated that:

> <u>Sanchez Valle</u> did nothing to undercut or eliminate the privity requirement recognized by this court previously. <u>See Santiago-Colon</u>, 917 F.3d at 61. ("[W]hat determines if privity exists is whether there was 'a close or significant relationship between the federal and Puerto Rico prosecutors during the local [proceedings] or whether the federal authorities controlled or actively participated in [those proceedings] such that their interests in enforcing federal law were sufficiently represented.'") (some brackets in original) (quoting <u>United States v. Bonilla Romero</u>, 836 F.2d 39, 44 (1st Cir. 1987)). Santana has failed to develop any argument suggesting that this privity requirement was met here. <u>See Rosado Cancel</u>, 917 F.3d at 69 (addressing claim based on substantially similar factual predicate and concluding that defendant had waived his issue preclusion claim but stating that, in any event, the claim would fail on the merits because defendant "ha[d] not argued that the federal prosecutors were in privity with the Commonwealth prosecutors"); <u>see also United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) (insufficiently developed claims are waived). <u>Santana-Rios</u> (d.e. 8 at p. 2 in Civil No. 17-1107).

There is no need for this Court to decide whether <u>Sanchez Valle</u> applies retroactively or not; that issue is for another day. Much like the petitioner in <u>Santana-Rios</u>, Rodríguez Méndez has failed to meet the stone set privity requirement necessary for his double jeopardy claim to thrive. As such, Petitioner's claim of double jeopardy is DENIED.

### C.     Newly Recognized Right

In a Supplemental Brief in Support of Petitioner's Section 2255 Motion (d.e. 8), Rodríguez Méndez, represented by the Federal Public Defender, filed a Johnson allegation as to his Armed Career Criminal Act, Title 18, United States Code, Section 924(e) ("ACCA") claim.

In Johnson v. United States, 576 U.S. ___, 135 S.Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process."  Johnson, 576 U.S. at ___, 135 S.Ct. at 2555-63.  The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies."  The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. Sec. 924(C)(2)(B)(ii) (emphasis added).  The underlined portion is known as the ACCA's "residual clause".  The Supreme Court determined that ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id.  On April 18, 2016, the United States Supreme Court determined that Johnson II announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 578 U.S. ___, 136 S.Ct. 1257 (2016).

On May 11, 2006, Rodríguez Méndez pled guilty to possession of a firearm by a convicted felon, in violation of Title 18, United States Code, § 922(g)(1).[5]

In preparation for Petitioner's sentence a U.S. Probation officer prepared a Pre-Sentence Report ("PSR"). Rodríguez Méndez was deemed an Armed Career Criminal Act (ACCA), Title 18, United States Code, § 924(2). Said prior conviction were all at the local level, three (3) 1994 convictions for robbery of a vehicle.[6] A 1993 conviction for Puerto Rico aggravated burglary.[7] (d.e. 42 in Criminal No. 05-340). Clearly there is a discrepancy amongst the parties not only as to how many convictions Rodríguez Méndez has but also as to the type of Puerto Rico law violation for which Petitioner was convicted of. The determination as to this makes all the difference in the world for it is based on these prior local convictions that Rodríguez Méndez was classified as an ACCA.

The Supreme Court in Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed. 2d 604 (June 23, 2016) addressed the issue of prior conviction for determining if a defendant is considered an ACCA.

---

[5] At the time of sentencing Petitioner was completing a state sentence in a Puerto Rico penal institution. Once his local sentence was completed, Rodríguez Méndez began serving his federal sentence (d.e. 8 at p. 3).

[6] The Government in its Response in Opposition states they are three (3) separate carjackings (d.e. 9 at p. 2).

[7] The United States in its Response adds to these convictions three (3) additional previous armed robbery convictions, a fourth (4) subsequent armed robbery conviction; a 2005 Article 5.04 Weapon's Law conviction for possession of the firearm which gave rise to his federal conviction. (d.e. 9 at p. 2).

CIVIL 16-2683CCC                    11
Related Criminal 05-0340(CCC)

> ACCA defines the term "violent felony" to include any felony, whether state or federal that "is burglary, arson, or extortion." Section 924(e)(2)(B)(ii). In listing those crimes, we have held, Congress referred only to their usual or (in our terminology) generic versions-not all variants of the offenses. See <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990). <u>Mathis</u> at 2248.
>
> <u>Taylor</u> set out the essential rule governing ACCA cases more than a quarter century ago. All that counts under the Act, we held then, are "the elements of the statute of conviction." 495 U.S. at 601 . . . Accordingly, a sentencing judge may look only to "the elements of the [offense], not to the facts of [the] defendant's conduct." <u>Ibid. Id</u>.

The Court goes on to explain that from the very beginning there have been three (3) basic reasons for adhering to an elements-only inquiry. First the text of ACCA favors the approach. Second, a construction of ACCA allowing a sentencing judge to go any further would raise serious Sixth Amendment concerns, and third an elements-focus avoids unfairness to defendants. <u>Id</u>. at 2252-2253. This means that the use of a sentencing court of the means by which a defendant committed a crime are useless in an ACCA determination. The Court may not look at the particular facts of the crime in order to arrive at its determination.

The question before this Court is how to properly determine if a defendant qualifies as an ACCA when the conviction in question is an alternative phrased statute, such as the Puerto Rico burglary statute.

The first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means. If they are elements, the court should do what we have previously approved: review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction and compare that element and

all others to those of the generic crime. Mathis at 2256. If the Court finds that they are means, the Court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution. ACCA is indifferent as to how a defendant actually committed a prior offense, thus the court may only ask whether the elements of the state crime and generic offense make the requisite match. Ibid.

    This is where this Court is at a crossroads. The parties have both addressed the issue of Johnson and if it applies to Petitioner. However, they disagree as to the state conviction and neither party has provided official local Puerto Rico Court documents, duly translated, to sustain their arguments on the matter. Neither party has put this Court in a position to be able to make an informed, proper and just determination.

    It is the **Order** of this Court **that both the Government and the Federal Public Defender** shall submit to the Court detailed briefs on the matter and must produce official Puerto Rico court documents, duly translated showing the crimes to which Rodríguez Méndez pled guilty or was found guilty of and sentenced. Said documents must match Rodríguez Méndez' complete name, date of birth, address and social security number. **Parties are granted THIRTY (30) DAYS to comply**. Once the Court has reviewed the information requested as well as the parties' position of the matter it will make its final determination as to Johnson and if it applies to Petitioner Julio A. Rodríguez Méndez.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Julio A. Rodríguez Méndez is not entitled to federal habeas relief as to his claim of double jeopardy pursuant to Sanchez Valle and the same is DISMISSED, WITH PREJUDICE. As to Petitioner Julio A. Rodríguez Méndez' second allegation regarding Johnson and his ACCA sentence, the Court has issued a clear Order in the previous paragraph which the parties shall comply with.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2019.

S/GUSTAVO A. GELPÍ
Chief U.S. District Judge